

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed June 29, 2005            **United States Bankruptcy Judge**

---

```
           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION


IN RE:                          §
                                §
                                §
STATEPARK BUILDING GROUP, LTD., §   CASE NO. 04-33916-HDH-11
et al.,                         §
                                §
                                §
    D E B T O R S.              §
```

## MEMORANDUM OPINION AND ORDER

Palmer, Allen & McTaggart, LLP, moves the court for the allowance of an administrative expense for its services as attorneys for Worth Ross, the state court appointed pre-bankruptcy petition receiver for the debtors. Pat Pillitteri, Patcan Texas, Inc., and Patcan Nevada, Inc., creditors, object to the motion. StateStar Building Corporation, Santa Fe Development Corporation, and Mammoth Capital, LLC, creditors, also object. The court held an evidentiary hearing on April 13, 2005, and May 9, 2005.

The determination of an administrative expense to be paid by

a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(B) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

Palmer's motion applies to five separate bankruptcy estates. The debtors had been subjected to a state court receivership, styled <u>Santa Fe Development Corporation vs. State Park Building Group, Ltd.</u>, cause no. 02-11425-A, in the 14th District Court for Dallas County, Texas. The state court appointed Ross as the receiver. The state court authorized Ross to employ attorneys. Ross employed the Palmer firm. The Palmer firm performed pre-petition services for Ross totaling $284,455.50. On April 5, 2004, Ross filed voluntary bankruptcy petitions for the debtors, thereby becoming debtors in possession. On June 15, 2004, Robert Milbank, Jr., was appointed the Chapter 11 trustee for the debtors. On May 19, 2005, the court confirmed the plan of reorganization for the debtors. The Palmer firm performed post-petition services totaling $17,848.50. Neither the debtors in possession nor the trustee obtained court authorization to employ Palmer post-petition. In addition to requesting the payment of pre- and post-petition fees as an administrative expense, Palmer also requests reimbursement of its pre- and post-petition out-of-pocket expenses.

Creditors in the Colonnade on Turtle Creek, L.P., case, case

no. 04-33922-HDH-11, will be paid in full. Accordingly, the court has previously and by separate order entered December 22, 2004, authorized the payment of Palmer's pre- and post-petition fees and expenses in that case. As stated in Palmer's supplement to its motion, creditors in the Blackburn/Travis/Cole, Ltd., case, case no. 04-33932-HDH-11, will be paid in full. Consequently, the court need not decide whether Palmer holds an administrative expense or a general unsecured claim in that case. Either way, the firm will be paid. For those estates, the motion will be denied as moot.

The court, therefore, considers the motion with regard to StatePark Building Group, Ltd., case no. 04-33916-HDH-11, and StatePark Colleyville, Ltd., case no. 04-33928-HDH-11.

The Bankruptcy Code distinguishes between claims held by creditors at the commencement of a bankruptcy case from the expenses incurred in administering the case after its commencement. The Code defines a "claim" as a "right to payment." 11 U.S.C. § 101(5)(A). As of the commencement of the StatePark Building Group case, Palmer had a right to payment of $119,627.32, consisting of $118,515.50 for fees and $1,111.82 for reimbursement of expenses. As of the commencement of the StatePark Colleyville case, Palmer had a right to payment of $66,840.75, consisting of $66,061.00 for fees and $779.75 for expenses. As a general rule, pre-petition claims may not be elevated to post- petition administrative expenses. See, In re

Phones for All, Inc., 249 B.R. 426, 428-29 (Bankr. N.D. Tex. 2000); In re T & T Roofing and Sheet Metal, Inc., 156 B.R. 780, 782 (Bankr. N.D. Tex. 1993).

Nevertheless, Palmer contends that it should be paid as an administrative expense. The Code provides that "[a]n entity may timely file a request for payment of an administrative expense[.]" 11 U.S.C. §503(a). Section 503(b) provides that,

> After notice and a hearing, there shall be allowed administrative expenses . . . including- (4) reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney.

11 U.S.C. § 503(b)(4).

Section 503(b)(3) provides for "the actual, necessary expenses . . . incurred by (E) a custodian superseded under section 543 of this title." 11 U.S.C. § 503(b)(3)(E). The Code defines a "custodian" to include a receiver appointed in a case or proceeding not under the Code. 11 U.S.C. § 101(11). These provisions constitute an exception to the general rule with respect to the allowance of compensation for exclusively post-petition activities as an administrative expense. In re Synergy Properties, Inc., 130 B.R. 700, 704 (Bankr. S.D.N.Y. 1991).

Ross was a receiver appointed in a case not under the Bankruptcy Code. As a result, Ross may recover as an administrative expense his expenses, if he had been superseded

under § 543 of the Code. If Ross is thereby entitled to recover his expenses as an administrative expense, Palmer may recover reasonable compensation as an administrative expense for services rendered to Ross.

The objecting creditors contend that Ross in his capacity of a receiver was not "superceded under section 543" to elevate his pre-petition expenses to post-petition administrative expenses. The court agrees.

Section 503(b)(3)(E) and (4) defer to the state court's determination of the necessity to preserve a debtor's assets by the appointment of a receiver. The Code presumes that unlike creditors who act primarily for their own interests, a receiver acts primarily for the benefit of the receivership estate. See In re Jensen-Farley Pictures, Inc., 47 B.R. 557, 569-571 (Bankr. Utah 1985). If a debtor subject to a receivership or its creditors files a bankruptcy petition, the Code protects the services of the receiver by providing for compensation of the receiver and the payment of his expenses, including attorney's fees, as administrative expenses. The commencement of a bankruptcy case results in the appointment of a trustee or a debtor in possession with the powers of a trustee. 11 U.S.C. §§ 1104, 1107. The receiver as a custodian must deliver the debtor's property to the trustee and provide an accounting to the trustee. 11 U.S.C. § 543(b). The Code directs that the court, after notice and a hearing, provide for reimbursement of the

expenses of the custodian. 11 U.S.C. § 543(c)(2). Alternatively, the court may allow the receiver to remain in possession of the debtor's property if the estate would be better served. 11 U.S.C. § 543(d).

The court must read the Code as a whole, giving effect to each of its provisions as it fits within the Code's scheme. The words of §§ 503 and 543 must be given their plain meaning providing that the result makes the Code coherent and consistent. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989). Construction of the Code is a holistic endeavor. United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n, Ltd., 484 U.S. 365, 371 (1988). The court must consider the particular statutory language, the design of the statute as a whole and its object and policy. Kelly v. Robinson, 479 U.S. 36, 43 (1986). A statute should not be interpreted so as to render another provision or section superfluous or insignificant. See Woodfork v. Marine Cooks & Stewards Union, 642 F.2d 966, 970-71 (5th Cir. 1981). Reading § 543 in context of the Code as a whole, § 543 contemplates that a state court appointed receiver would be forced out of possession and control of a debtor's property by a voluntary bankruptcy case commenced by the debtor or an involuntary case commenced by its creditors. The resulting trustee or debtor in possession supercedes to the right of possession and control over the property by virtue of the Code and the Supremacy Clause of the United States Constitution.

U.S.C.A. Const. Art. VI, cl. 2 and 11 U.S.C. § § 362, 541, 542, and 543.  Unless directed otherwise by the bankruptcy court, and not the state court of appointment, the receiver must deliver the property to the bankruptcy trustee.  In return, with due deference to the prior determination of the state court and on the assumption that the receiver has preserved the debtor's property for the benefit of its creditors, the Code assures payment of the receiver for his pre-petition work as an administrative expense.

The rationale of this statutory scheme falters if the receiver himself files the bankruptcy petition.  It is one thing for a state court appointed receiver to be forced out of possession and control of the debtor's property by the actions of the debtor or its creditors.  But it is an altogether different thing for the receiver himself to voluntarily act to create a bankruptcy estate with a trustee.  For his pre-petition expenses to be elevated to an administrative expense, the receiver must be "superceded" under § 543.  That means he must be forced out of the use of the debtor's property as an inferior or replaced or supplanted.  The Oxford English Dictionary provides various definitions of "supersede," including, "to supply the place of (a person) by another; to be removed from office to make way for another; to be set aside as useless or obsolete; to be replaced by something which is regarded as superior." (3d. ed., revised 2005).  If the custodian is "superceded," the Code elevates his

-7-

expenses as protection and in deference to the state court's determination. The state court under state law appoints the receiver to protect the debtor's property. If the debtor or its creditors act to supercede the state court by invoking the Bankruptcy Code, Congress has determined to elevate the receiver's pre-petition expenses to the administrative expense level. Congress has also given the court discretion to allow the receiver to retain control of the debtor's property. But if the receiver himself decides to invoke the provisions of the Bankruptcy Code, the receiver will have made a voluntary decision to invoke the Code. The receiver's voluntary act nullifies the need to protect the receiver from the acts of the debtor or creditors to supersede the state court's determination. If the receiver elects to file a bankruptcy petition, the court would have no occasion to allow the receiver to retain control of the property under § 543(d) as the receiver would have voluntarily decided to transfer the debtor's property to the bankruptcy estate. There would be no public policy reason to protect a receiver regarding his expenses under § 503 when the receiver chooses voluntarily to submit to a bankruptcy process.

The court therefore concludes that a receiver who files a bankruptcy petition is not a "custodian superceded under section 543" to be eligible to have his pre-petition expenses elevated to post-petition administrative expenses.

As Ross filed the bankruptcy petitions, Palmer is not

entitled to payment of its pre-petition fees and reimbursement of expenses as an administrative expense.

For purposes of completeness, if § 503(b)(3)(E) and (4) applied, the court would hold that the "substantial contribution" provision of § 503(b)(3)(D) does not apply. As discussed above, the work of a receiver presumably benefits the estate. In the Colleyville case, Palmer provided services concerning title to the debtor's townhouses and to guard against foreclosures. This work helped position the property for the bankruptcy trustee to sell. With regard to all the cases, Palmer participated in efforts to achieve a global settlement of disputes, albeit unsuccessfully. Palmer also performed services regarding claims against the debtors, in response to the state court procedure for claims in the receivership.

Under § 503(b)(4), the fees must be reasonable, considering the time, the nature, the extent, the value and the comparable costs of the services. Palmer charged hourly rates within the range of those charged by similarly experienced attorneys in the community. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 286 (1989). The nature and value of the services varied with the tasks. Palmer has not provided a breakdown of the services by project. Unsuccessful settlement efforts would compel a voluntary reduction as those efforts were not necessary to preserve assets for a subsequent bankruptcy case. Certain bankruptcy research may not have been necessary. Attorneys do not usually recover

background research time from a bankruptcy estate. A voluntary reduction in fees charged for disqualification work would have been mandated. The trustee testified that for the subject estates, he and his professionals had to do most of the work. Indeed, if bankruptcy cases were the best mechanism to realize value for the creditors, the receiver and his professionals should have realized that need before incurring substantial expenses. The court makes these observations because, if applicable, § 503(b)(4) would mandate reductions in the application to meet the "reasonable compensation" standard.

Neither the trustee nor the objecting parties contend that Palmer did not perform the services pre-petition under the direction of the receiver. The receiver testified that the work had been substantially performed at his direction. While the pre-petition fees and expenses may not be elevated to an administrative expense, the court will allow them as unsecured claims in the Colleyville and StatePark Building Group cases.

In addition, Palmer requests payment for its post-petition work and expenses as an administrative expense. In the StatePark Building Group case, Palmer requests payment of post-petition fees of $11,482.50 plus expenses. In the Colleyville case, Palmer requests payment of post-petition fees of $1,350.50 plus expenses.

Neither the debtors while debtors in possession controlled by Ross nor the trustee obtained court authority to retain Palmer

-10-

under any subsection of 11 U.S.C. § 327.  Consequently, Palmer may not be awarded compensation under 11 U.S.C. § 330, and thus may not obtain an administrative expense under 11 U.S.C. § 503(b)(2).

As established above, Palmer is a creditor.  A creditor may obtain an administrative expense if it makes a "substantial contribution" in the case.  11 U.S.C. § 503(b)(3)(D).  The court questions whether § 503(b)(3)(D) may be used to circumvent §§ 327 and 330.  But, assuming its application, the trustee testified that Palmer provided little benefit to the two estates post-petition.  Palmer argues that it had to cooperate with the turnover process and assist the receiver in his efforts to turnover the property to the trustee.  But the receiver had no choice, once the receiver elected to file the bankruptcy petitions.

Under certain circumstances, a Chapter 7 debtor's counsel is entitled to receive compensation from the bankruptcy estate.  <u>In re Bennett</u>, 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991); <u>In re Leff</u>, 88 B.R. 105, 108-09 (N.D. Tex. 1988).  Specifically, a Chapter 7 debtor's counsel is entitled to compensation from the estate for "analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the Section 341 meeting."  133 B.R. at

378 (citing Leff). Counsel for a Chapter 7 debtor may not be compensated from the estate for other services unless he shows that his services benefitted the estate. Id. Considering that line of authority by analogy, the evidence in this case does not establish the criteria for compensation defined in Leff. A review of the billing time entries does not demonstrate that Palmer performed those tasks post-petition. The court also notes that the debtors retained separate bankruptcy counsel to represent the debtors in possession in performing those tasks and that Palmer failed to seek prior court approval of employment or fee distribution.

    Palmer also asserts that its efforts to share knowledge and information with the trustee should be compensated. In these two estates, Palmer has not established that the trustee requested services nor that the services Palmer provided substantially contributed to the estates. Indeed, in these two estates, administrative expense claimants are being asked by the trustee to voluntarily reduce their claims to allow distributions to unsecured creditors. While the court empathizes with Palmer's predicament concerning payment of its fees, Palmer has not established that it made a substantial contribution to either of the two estates post-petition. Ross could have sought to employ Palmer under § 327 upon filing the bankruptcy petitions. Ross did obtain court approval to retain bankruptcy counsel. Palmer could have requested that the trustee apply to the court to

employ Palmer as special counsel if Palmer believed that the trustee requested services post-petition. The trustee did obtain court approval to retain his bankruptcy counsel. On this record, there is no basis to separately and additionally compensate Palmer for post-petition work.

The court must, therefore, deny Palmer's motion for the allowance of its post-petition fees and expenses as administrative expenses.

Based on the foregoing,

**IT IS ORDERED** that the motion, as supplemented, is **DENIED**, without prejudice to the court's prior order entered December 22, 2004, concerning Colonnade on Turtle Creek, L.P., case no. 04-33922-HDH-11.

**IT IS FURTHER ORDERED** that Palmer, Allen & McTaggart, LLP, shall be allowed general unsecured claims in the StatePark Building Group, Ltd., StatePark Colleyville, Ltd., and Blackburn, Travis/Cole, Ltd., cases for its pre-petition fees and expenses as counsel to Worth Ross, Receiver.

###END OF ORDER###